Filed 7/22/25  P. v. Lujan CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL LANCE LUJAN,<br><br>    Defendant and Appellant. | F089656<br><br>(Super. Ct. No. 62-199354)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Placer County.  Steven J. Howell, Judge.  (Retired Judge of the Butte County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Michael Lance Lujan, in propria persona, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and DeSantos, J.

## INTRODUCTION

Appellant and defendant Michael Lance Lujan (appellant) pleaded no contest to a misdemeanor and was sentenced to 364 days in jail. On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant filed a supplemental letter brief. We will review his assertions and affirm.

## FACTS[1]

At approximately 10:38 p.m. on June 13, 2024, Deputies Miller and Houston of the Placer County Sheriff's Department responded to a clothing store in Auburn on a report of suspicious circumstances. They spoke to a store employee, who reported that a man appeared to be taking clothing from the store. When the employee contacted the man, he cursed and walked out of the store without taking any property. The employee said the man was sitting inside of a particular vehicle parked in front of the store.

The deputies approached the vehicle. The doors were closed but the windows were open, and they spoke to the occupants. A female was in the driver's seat and appellant was in the front passenger seat. They did not appear to have been sleeping. Houston asked appellant if he was on parole and appellant said yes, and he was removed from the vehicle.

Appellant was found in possession of a "[f]ixed-bladed, four-inch blade, with a black handle, appeared to be a kitchen-cutting knife," and the tip was capable of being used as a stabbing instrument; the knife was in his pocket. Another knife was found in the pocket of the passenger door. Appellant was arrested.

Appellant was advised of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, and asked about the knives. Appellant said they were for his protection and he bought them earlier that day for approximately $1.25 each.

---

[1] The following facts are from the preliminary hearing, which was the factual basis for appellant's plea.

**PROCEDURAL BACKGROUND**

On June 14, 2024, a felony complaint was filed in the Superior Court of Placer County charging appellant with count 1, felony possession of a dirk or dagger (Pen. Code,[2] § 21310), with one prior strike conviction.

On June 17, 2024, through court appointed counsel, appellant pleaded not guilty and denied the special allegation. The trial court stated appellant had been subject to a parole hold since his arrest on June 13, 2024.

On July 17, 2024, the trial court conducted the preliminary hearing. At the close of evidence, the court denied appellant's motions to dismiss or reduce the charge to a misdemeanor, and held appellant to answer on the felony charge. The court also denied appellant's motion for bail based on his lengthy record of prior convictions and failing to appear in previous cases.

**Plea and Sentencing**

Later on July 17, 2024, the parties advised the trial court they had reached a negotiated disposition. The People agreed to reduce the charged offense to a misdemeanor, and appellant would plead no contest with a disposition of 364 days in custody. The parties stipulated to treat the felony complaint as the information. Appellant initialed and signed a change-of-plea and advisement form stating the terms for the negotiated disposition.

The trial court granted the motion to amend the information to strike the felony allegation in count 1, replace it with a misdemeanor violation of section 21310, and dismiss the remaining allegations. The court advised appellant of the nature and circumstances of his plea, and his constitutional rights. Appellant said he understood his rights and the advisements on the form, and waived his rights. The court found a factual basis for the plea based on the preliminary hearing evidence.

---

[2] All further statutory citations are to the Penal Code.

3.

Thereafter, appellant pleaded no contest to misdemeanor possession of a dirk or dagger in violation of section 21310. The court ordered him to serve 364 days in county jail without probation.

**Notice of Appeal**

On September 10, 2024, appellant filed a notice of appeal. Appellant's request for a certificate of probable cause was granted.[3]

On April 10, 2025, the Supreme Court ordered this appeal transferred from the Court of Appeal, Third Appellate District to the Fifth Appellate District.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On May 5, 2025, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues.

**Appellant's Letter Brief**

On June 13, 2025, appellant filed a letter brief with this court and did not raise any issues about the charges, plea, or disposition in this case. Instead, he requested this court send him a copy of the *Wende* brief filed by his appellate counsel and the record for the instant appeal because he was "interested" to read them.

While appellate counsel's proof of service shows that a copy of the *Wende* brief was served on appellant at the Placer County jail on January 27, 2025, we will send a courtesy copy to appellant. As for appellant's request for the record of this case, appellate counsel was provided a copy of the record. We are forwarding appellant's letter to counsel to address the record request, and sending a copy of that letter to appellant.

---

[3] Along with his notice of appeal, appellant also filed, in propria persona, a letter to the superior court, offering to waive his appellate rights "in exchange for a fairer deal," and he was "willing to accept six months with half time, resulting in 90 days actual" so he could be "home with family for the holidays."

4.

Also in his letter brief, appellant asserts his constitutional rights have been violated in an unrelated and pending criminal case in Placer County, and requested advice about how to raise certain challenges because his trial was about to begin in that case. These matters are not before this court and not cognizable in this appeal. "The scope of an appeal is … limited to the record of the proceedings below." (*People v. Williams* (1988) 44 Cal.3d 883, 917, fn. 12.)

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.